UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

MONICA PALMER,

    Plaintiff,

v.

CARNIVAL CORPORATION.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, MONICA PALMER, is a citizen of North Carolina.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

  e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

  f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Glory*.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because Defendant unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

8. At all times material hereto, Defendant owned, operated, managed, maintained, and/or controlled the subject vessel, the *Carnival Glory.*

9. At all times material hereto, Defendant procured and/or specified and/or maintained certain furniture for passenger use on its vessels, including in the shower chair mounted to the wall in some of its showers in passenger staterooms, including Plaintiff's stateroom.

10. Defendant is aware that it has passengers of all sizes and weights and the furnishings, including the shower chairs, must be sufficient to hold the weight of its passengers using them. Defendant is further aware that the furnishings, including the shower chairs, must be properly inspected and maintained so that they can hold the weight of the passengers using them.

11. Defendant established internal standards from the selection of chairs and furnishings, including shower chairs, aboard its vessels. Upon information and belief, these internal standards were created and/or approved by Defendant.

12. Defendant is aware that improper inspection and maintenance of furnishing, including

show chairs, create a hazardous condition if not executed properly, and lead to more injuries, and has therefore developed detailed rules, policies, and procedures (HESS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

13. On or about September 22, 2022, Plaintiff was a fare-paying passenger on the *Carnival Glory*, which at all times material operated in navigable waters.

14. On or about September 22, 2022, Plaintiff was using the chair mounted to the wall in her shower while exercising due care for her own safety. The subject shower chair, under the exclusive control of Defendant, collapsed underneath her, causing her to fall. After her fall Plaintiff observed rust and other signs of deterioration around the mounting brackets which were used to secure the subject shower chair to the wall.

15. The poorly designed, maintained, and inspected unreasonably dangerous and defective condition(s) of the chair was not open and obvious and the Plaintiff had no way of knowing the existence of such condition(s).

16. The subject shower chair constituted a dangerous condition for the reasons that include, but are not limited to:

   a. The subject shower chair mounting brackets had deteriorated so that they were no longer sound to support passengers when using the subject shower chair;

   b. In its daily maintenance, cleaning, and inspection of passenger restrooms and showers, Defendant knew or should have seen the signs of deterioration;

   c. Defendant failed to have adequate shower chairs capable of handling passenger weight when in use.

17. As a result of the negligence of Defendant, its vessel, and/or crew, Plaintiff sustained serious, permanent, and debilitating injuries, including but not limited to her legs and back.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

18. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

19. At all times material hereto, it was the duty of Defendant to warn passengers, like Plaintiff, of dangers that were known, or reasonably should have been known, to Defendant in places where passengers, like Plaintiff, are invited to or may reasonably be expected to visit.

20. At all times material hereto, Defendant knew or should have known of the risk and/or danger that the subject shower chair could collapse under the weight of a passenger.

21. On or about September 22, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangerous and defective condition(s) of the subject shower chair;

   b. Failure to adequately warn the Plaintiff of the risks and dangers associated with the dangerous and/or defective condition(s) of the subject shower chair;

   c. Failure to adequately warn the Plaintiff of the poorly designed condition of the subject shower chair;

   d. Failure to adequately warn the Plaintiff of the risks and dangers associated with the poorly designed subject shower chair;

   e. Failure to adequately warn the Plaintiff of the hazard(s) posed to her, due to improper and inadequate, maintenance and/or inspection of the subject shower chair;

   f. Failure to adequately warn passengers, including the Plaintiff, of weight restrictions for ordinary use of provided furniture, including the subject shower chair;

   g. Failure to adequately warn the Plaintiff of the lack of promulgated and/or enforced policies and procedures concerning the maintenance and/or inspection of the subject shower chair; and

   h. Failure to adequately warn passengers and the Plaintiff of other fall accidents previously occurring in the same manner, area, and/or furniture.

22. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

23. At all times material hereto, the subject shower chair was poorly designed, unreasonably dangerous, and/or defective in nature.

24. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject shower chair prior to this incident and/or (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar furniture in passenger staterooms. *See, Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (S.D. Fla. 2020). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

27. At all times material hereto, it was the duty of Defendant to maintain furniture, including the subject shower chair, in a reasonably safe condition.

28. On or about September 22, 2022, Defendant and/or its agents, servants, and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately maintain furniture, including the subject shower chair, in a reasonably safe manner;

   b. Failure to adequately maintain furniture, including the subject shower chair, so that it would be free of dangerous and defective condition(s);

   c. Failure to adequately inspect and monitor furniture, including the subject shower chair, so that it could be used in a reasonably safe manner;

   d. Failure to adequately inspect and monitor furniture, including the subject shower chair, so that it would be free of dangerous and defective condition(s);

   e. Failure to promulgate and adopt reasonable systematic safety inspection programs for furniture, including the subject shower chair, in the guest areas; and

   f. Failure to adopt and follow a reasonable, systematic program or guidelines for the periodic replacement and/or refurbishment and/or strengthening of furniture, including the subject shower chair, in the gust areas.

29. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately maintain, inspect, and monitor the subject shower chair.

30. At all times material hereto, the subject shower chair was poorly designed, unreasonably dangerous, and defective in nature.

31. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject shower chair prior to this incident and (b) prior incidents causing personal injury to Defendant's passengers involving the same or similar furniture in passenger staterooms. *See, Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (S.D. Fla. 2020). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

32. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through seventeen (17) as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

34. At all times material hereto, Defendant knew or should have known that furniture, including the subject shower chair, in actual use by passengers would be subjected to repeated use

by passengers of varying weight and, over time, in connection with shipboard conditions, would likely degrade and would not be capable of bearing weight without damage and/or collapsing, subjecting passengers to a risk of injury.

35. At all times material hereto, Defendant knew or should have known that the subject shower chair was not capable of bearing foreseeable weight loads throughout the duration Defendant intended to utilize service of the subject shower chair, or, in the alternative, Defendant made no inquiry could bear the weight of expected guests.

36. On or about September 22, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

　　a. Failure to provide the Plaintiff with reasonable care under the circumstances;

　　b. Failures to specify and procure furniture, including the subject shower chair, were in compliance with generally accepted safety, durability, and load-bearing standards;

　　c. Failure to inspect and ensure furniture, including the subject shower chair, was free of dangerous and defective condition(s), including the ability to bear the weight of a passenger;

　　d. Failure to identify the unreasonably dangerous, defective condition(s) of furniture, including the subject shower chair;

　　e. Failure to correct, eliminate, and/or modify the unreasonably dangerous, defective condition(s) of furniture, including the subject shower chair;

　　f. Failure to promulgate and enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s) which caused Plaintiff's incident would be discovered and corrected, including, but not limited to, load bearing capability, environmental and structural degradation and service life;

　　g. Failure to systematically gather and evaluate, for safety and other purposes, data from Defendant's vessels regarding frame and/or joinery failures of furniture, including the model of the subject shower chair, on its vessels;

　　h. Failure to analyze prior defective or broken furniture accidents aboard Defendant's vessels occurring in the same manner and/or area so as to remedy such dangerous and/or hazardous conditions;

i.  Failure to research and take into account and/or apply external furniture safety standards and recommendations;

j.  Failure to adequately design furniture, including the subject shower chair, so as to make it reasonably safe for passengers, including the Plaintiff;

k.  Failure to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers;

l.  Failure to ascertain the cause of prior similar accidents happening on any of the Defendants' vessels fleet-wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident;

m.  Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff;

n.  Failure to establish, follow, and apply reasonable and known or knowable safety norms for the specification, procurement, and periodic inspection, testing, refurbishment, and replacement of commercial grade furniture, including the subject shower chair, in guest areas of its vessels;

o.  Failure to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the unreasonably dangerous, defective condition(s) that caused Plaintiff's injury;

p.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around unreasonably dangerous, defective furniture, including the subject shower chair; and

q.  Failure to place warning signs on and/or around the unreasonably dangerous, defective furniture, including the subject shower chair.

37. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

38. At all times material hereto, the subject shower chair was poorly designed and unreasonably dangerous.

39. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its designing and inspection of the subject shower chair before this incident and (b) prior incidents causing personal injury to Defendant's passengers involving

the same or similar furniture in passenger staterooms. *See, Tesoriero v. Carnival Corp.*, 965 F.3d 1170 (S.D. Fla. 2020). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

40. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

> Respectfully submitted,
>
> LIPCON, MARGULIES
> & WINKLEMAN, P.A.
> Attorneys for Plaintiff
> 2800 Ponce De Leon Boulevard, Suite 1480
> Coral Gables, Florida 33134
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By:  */s/ Carol L. Finklehoffe*
> **JASON R. MARGULIES**
> Florida Bar No. 57916
> jmargulies@lipcon.com
> **CAROL FINKLEHOFFE**
> Florida Bar No. 0015903
> cfinklehoffe@lipcon.com